Peter L. Fear
Chapter 7 Trustee
P.O. Box 28490
Fresno, California 93729
(559) 464-5295
trustee@trusteefear.com

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>CATHY GAIL GRAHAM,<br><br><br><br>Debtor. | Case No. 15-10810-A-7<br><br>Chapter 7<br><br>D.C. No. PFT-1<br><br>Date:   November 10, 2015<br>Time:   9:00 a.m.<br>Place:  Dept. A, Courtroom. 11, 5th Floor<br>            United States Courthouse<br>            2500 Tulare St., Fresno, California<br>Judge: Hon. Fredrick E. Clement |

**TRUSTEE'S MOTION FOR ORDER AUTHORIZING SALE
OF NON-EXEMPT EQUITY IN REAL AND PERSONAL PROPERTY
OF THE BANKRUPTCY ESTATE TO DEBTOR**

Peter L. Fear, Chapter 7 Trustee of the above referenced bankruptcy estate ("Trustee"), respectfully represents as follows:

1.      Trustee is the duly appointed qualified and acting Trustee of the above-referenced bankruptcy estate.

2.      Debtor filed under Chapter 7 on March 4, 2015, and an order for relief was entered.

3.      This Court has jurisdiction over this proceeding under 28 U.S.C. §1334(a). This is a core proceeding under 28 U.S.C. §157(b)(2)(A).  This motion is brought pursuant to 11 U.S.C. §363.

4. Among the assets of this bankruptcy estate is:

| Asset Description | Scheduled Value | Trustee's Value | Liens | Exemptions | Net Value |
|---|---|---|---|---|---|
| Real property located at 363 West Houston Avenue Clovis, California 93611 | $300,000.00 | $323,176.49 | $140,000.49 | $175,000.00 | $8,176.00 |
| Checking account at Fresno County Federal Credit Union | $1.00 | $1.00 | $0 | $0 | $1.00 |
| Savings account at CAHP Credit Union | $50.00 | $50.00 | $0 | $0 | $50.00 |
| 2010 Nissan Maxima | $15,000.00 | $15,962.00 | $11,289.00 | $2,900.00 | $1,773.00 |
| **Total** | | | | | **$10,000.00** |

5. Trustee has received an offer from the Debtor to purchase the non-exempt equity in the above property for $10,000.00. She has paid $10,000.00 to the bankruptcy estate.

6. In deciding to accept the offer, Trustee took into consideration the fair market value of the property, less the costs associated with selling the property, the liens on the property, and the Debtor's exemptions claimed on this property. Considering costs of sale and the inherent uncertainty of sales, Trustee believes that sale of the non-exempt equity to Debtor for the price stated above is in the best interests of creditors.

7. There will be no substantial tax consequences to the estate as a result of the sale of the equity.

8. Trustee does not believe that selling the real property via a real estate agent or the personal property via auction would net a higher amount for the creditors of the estate as the expense and delay involved in a sale is not in the creditors' best interest.

9. Said offer is the best and highest offer received for non-exempt equity in said property and, in the opinion of Trustee, said offer is fair and reasonable.

10. Trustee believes that sale of the non-exempt equity in the above-described property on the terms set forth above is in the best interest of the creditors of this estate and all parties in interest.

11. Trustee requests that the ten day stay provision of Fed.R.Bankr.P. Rule 6004(g) be waived.

WHEREFORE, Trustee prays:

1. That the Motion be granted.

2. That the Court issue an order authorizing the sale of the non-exempt equity in the above real property to the Debtor on the terms and conditions described above;

3. For an order authorizing the Trustee to execute all documents reasonably necessary to effectuate the sale of the non-exempt equity in the real property.

4. For the ten day stay provision of Fed.R.Bankr.P. Rule 6004(g) to be waived.

5. For such other and further relief as the Court deems just and proper.

Dated: 10/1/2015                             /s/ Peter L. Fear
                                             PETER L. FEAR
                                             CHAPTER 7 TRUSTEE