3

Stephen C. Ferlmann (SBN: 214881)
Chapter 7 Trustee
4120 Dale Rd., Ste J-8 #184
MODESTO, CA 95356
Tel: (209) 236-1311
Fax: (209) 236-1811

TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

(Modesto Division)

| | |
|---|---|
| In Re:<br><br>KEVIN DENNIS SIMPSON<br>KELLYE SUZETTE SIMPSON<br><br><br>Debtors. | Case No: 13-90146-E-7<br>Chapter 7 Case<br>DC No. SCF -001<br>Date: December 3, 2015<br>Time: 10:30 a.m.<br>Place: 1200 I Street, Suite 4,<br>         Modesto, CA |

**MOTION FOR AUTHORITY TO SELL NON-EXEMPT EQUITY IN REAL PROPERTY TO DEBTOR**

TO:    The Honorable Ronald H. Sargis, U.S Bankruptcy Judge:

The Chapter 7 Trustee, Stephen C. Ferlmann (the "Trustee"), pursuant to 11 U.S.C §363(b)(1) and Federal Rule of Bankruptcy Procedure 6004, respectfully moves the Court to sell to Debtor, KELLYE SUZETTE SIMPSON (the "Debtor") the non-exempt equity in certain real property situated in Webster County, Mississippi in exchange for a payment of **$10,000.00**, and in support respectfully represents:

1.    This Court has jurisdiction of this matter under 28 U.S.C § 1334 and 157(a).

2.    On January 25, 2013, the Debtor and her husband Kevin Dennis Simpson, filed a voluntary petition under Chapter 7 of the Bankruptcy Code, in the above entitled court; Stephen C. Ferlmann is the duly appointed Trustee in the case.

3. Among the assets of the Chapter 7 bankruptcy estate is the Debtor's interest in approximately 26 acres of land ("the Property") received from her step mother Jean Estelle Pogue located in Webster County, Mississippi identified as:

> The South 32 acres of the SW ¼ of Section 35, Township 20 North, Range 9 East, less and except five acres across the East End of said 32 acre block.
> LESS AND EXCEPT: Grantor, Jean Estelle Pogue, reserved for herself a life estate in the use of the home and one(1) acre located on the South side of Tract I

4. Situated on the Property is an improvement inhabited by Debtor's step mother Jean Estelle Pogue. Ms. Pogue owned the Property before conveying it to Debtor. However, Ms. Pogue reserved a life estate for herself in the home and immediately surrounding 1 acre parcel where the home is situated.

5. Debtor assigned a value of $30,000.00 to the portion of the Property not subject to the life estate and $3,000 as the value of the remainder interest in the life estate. The Property is not subject to any mortgage liens. The trustee is informed and believes that said Property is unencumbered. The Debtor's bankruptcy Schedule D reflects no lien or security interest claimed by any secured creditor in the Property.

6. The Debtor has claimed an exemption in the amount of $5,477.93 in the non-life estate portion of the Property and $3,000.00 in the remainder interest in the life estate pursuant to California Code of Civil Procedure ("CCP") § 703.140 (b)(5).

7. The Trustee consulted with a real estate broker knowledgeable in property values in Webster County, Mississippi. Upon consulting with the realtor, the Trustee believes that Debtor's valuation of the Property is reasonable. However, there is no ready market for property subject to a life estate of unknown duration. Trustee has also consulted with a surveyor in Webster County, Mississippi and the cost to partition or sub-divide the Property in order to sell that portion of the Property not subject to the life estate would be cost ineffective.

8. The Debtor wishes to retain the Property and desires to purchase the non-exempt equity in the Property from the bankruptcy estate.

9. Accordingly, the Trustee and the Debtor entered into an Equity Sale Agreement (the "Agreement") which provides that the Debtor shall pay the bankruptcy estate the total cash sum of **$10,000.00** (the "Purchase Amount") for the non-exempt equity in the Property. A copy of the Equity Sale Agreement is attached to the List of Exhibits filed concurrently herewith. Payment of the Purchase Amount requires the Debtor to pay the sum of $1,000.00 up front with the balance of Purchase Amount to be paid within 120 days of the date the Court enters an Order approving the sale. The Debtor has paid the $1,000.00 down payment. The Agreement further provides that the Purchase Amount shall be non-exempt property of the bankruptcy estate. Upon payment of the Purchase Amount, the Debtor shall be entitled to retain the Property and the Property shall cease being property of the bankruptcy estate.

10. 11 U.S.C. § 363(b)(1) authorizes a trustee, after notice and hearing, to sell property of the estate other than in the ordinary course of business.

11. The Trustee believes that the sale of the non-exempt equity in the Property to the Debtor is in the best interest of the estate and should be approved by the Court. The proposed equity sale is an equitable and expeditious manner of liquidating the Property by which the bankruptcy estate will eliminate risks, costs, and delays of liquidating such assets that do not have a ready market.

WHEREFORE, Trustee respectfully requests that the Court approve the Agreement, and authorize the Trustee sell the non-exempt equity in the Property to the Debtor and for such other relief as this Court deems proper.

Dated: 10/19/15

/Stephen C. Ferlmann
Chapter 7 Bankruptcy Trustee

3

Motion For Authority To Sell Non-Exempt Equity In Real Property To Debtor