Case 15-10932    Filed 10/28/15    Doc 22

Peter L. Fear
Chapter 7 Trustee
P.O. Box 28490
Fresno, California 93729
(559) 464-5295
trustee@trusteefear.com

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| In re: | Case No. 15-10932-B-7 |
| NICOLE JEAN MOORE, | Chapter 7 |
| | D.C. No. PFT-2 |
| Debtor. | Date: November 25, 2015<br>Time: 10:00 a.m.<br>Place: Dept. B, Courtroom 13, 5th Floor<br>United States Courthouse<br>2500 Tulare St., Fresno, California<br>Judge: Hon. René Lastreto, II |

**TRUSTEE'S MOTION FOR ORDER AUTHORIZING SALE OF
NON-EXEMPT EQUITY IN PERSONAL PROPERTY OF THE
BANKRUPTCY ESTATE TO DEBTOR**

Peter L. Fear, Chapter 7 Trustee of the above referenced bankruptcy estate ("Trustee"), respectfully represents as follows:

1. Trustee is the duly appointed qualified and acting Trustee of the above-referenced bankruptcy estate.

2. Debtor filed under Chapter 7 on March 11, 2015, and an order for relief was entered.

Motion to Sell Non-Exempt Equity in Personal Property - 1

3. This Court has jurisdiction over this proceeding under 28 U.S.C. §1334(a). This is a core proceeding under 28 U.S.C. §157(b)(2)(A). This motion is brought pursuant to 11 U.S.C. §363.

4. Among the assets of this bankruptcy estate are:

| Asset Description | Scheduled Value | Trustee's Value | Liens | Exemptions | Net Value |
|---|---|---|---|---|---|
| 2007 Nissan Altima VIN: 1N4AL21E27N452066 | $5,250.00 | $6,500.00 | $0 | $2,900.00 | $3,600.00 |
| TOTAL | | | | | $3,600.00 |

5. Trustee received an offer from Debtor to purchase the non-exempt equity in this asset for $3,600.00. Debtor has agreed to make payments to the Trustee, with the entire amount to be paid in full by November 30, 2015. The source of this payment is Debtor's ongoing income.

6. In deciding to accept the offer, Trustee took into consideration the fair market value of the personal property, less the costs associated with storing and selling the personal property at auction.

7. There will be no substantial tax consequences to the estate as a result of the sale.

8. Trustee does not believe that selling the personal property at auction would net a higher amount for the creditors of the estate as the expense and delay involved in an auction is not in the creditors' best interest.

9. Said offer is the best and highest offer received for the non-exempt equity in said property and, in the opinion of Trustee, said offer is fair and reasonable, based on trustee's experience in selling vehicles of this type.

10. Trustee believes that sale of the non-exempt equity in the above-described property on the terms set forth above is in the best interest of the creditors of this estate and all parties in interest.

WHEREFORE, Trustee prays:

1. That the Motion be granted.

2. That the Court issue an order authorizing the sale of the non-exempt equity in above personal property to Debtor on the terms and conditions described above.

3. For an order authorizing the Trustee to execute all documents reasonably necessary to effectuate the sale of the non-exempt equity in personal property.

4. For such other and further relief as the Court deems just and proper.

Dated: October 27, 2015  /s/ Peter L. Fear
PETER L. FEAR
CHAPTER 7 TRUSTEE